UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZOMA IGBONWA,<br>   Plaintiff,<br> v.<br>FACEBOOK, INC., et al.,<br>   Defendants. | Case No. 18-cv-02027-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

**I. INTRODUCTION**

In its October 9, 2018 Order, the Court dismissed all of Plaintiff's claims with prejudice on the basis that they were barred under Section 230 of the Communications Decency Act and could not be cured. Nonetheless, the Court granted leave to amend to permit Plaintiff to assert a claim under 28 U.S.C. § 1782 because one of the forms of relief Plaintiff appeared to be requesting was disclosure of the identities of the individuals who posted statements about him on Facebook so that they could be held liable in a Nigerian court. Plaintiff filed a Second Amended Complaint attempting to assert a claim under Section 1782 and Defendants filed a Motion to Dismiss the Second Amended Complaint ("Motion"), which is presently before the Court. The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the hearing set for January 11, 2019 pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

---
[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. ANALYSIS[2]

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To obtain discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Rather, all that is required is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).

"The court retains wide discretion to grant discovery under Section 1782." *In re Hoteles City Express*, No. 18-MC-80112-JSC, 2018 WL 3417551, at *2 (N.D. Cal. July 13, 2018) (citing *Intel*, 542 U.S. at 260-61. Courts may consider the following factors in deciding whether or not to exercise that discretion: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to

---

[2] The Court notes that in his Second Amended Complaint, Plaintiff includes additional claims for Negligence and Reckless Indifference and Failure to Act. Because the Court permitted amendment only to assert a claim under 28 U.S.C. § 1782 and denied leave to amend in all other respects, these claims are stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. If the Court were to consider these claims, it would find that they are barred under the Communications Decency Act for the same reasons stated in the Court's previous order.

2

U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* (quoting *Intel*, 542 U.S. at 264-65; and citing *In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct*., 555 F.2d 720, 723 (9th Cir. 1977)).

In addition, in *In re Hoteles,* the court found that "[d]iscovery under § 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure," pointing to the last sentence of Section 1782(a). 2018 WL 3417551, at *3. In that case, the applicant sought an order granting it permission to issue a subpoena requiring that Facebook disclose the identities of individuals who allegedly made libelous statements on Facebook about the applicant. *Id*. at * 1. The court found that the applicant was an "interested party" and that a dispositive ruling from a court in Mexico was within reasonable contemplation. *Id*. at *2. Nonetheless, the court declined to exercise its discretion to permit the requested discovery, finding that under the Federal Rules of Civil Procedure such early discovery requires a showing of good cause and that the applicant had not demonstrated that that standard was met. *Id.* In particular, the court noted that good cause for permitting disclosure of the identity of a defendant does not exist unless it is clear that the complaint will not be dismissed on other grounds and the applicant in that case had not provided sufficient information about the nature of its claims for the court to determine if the claim would survive a motion to dismiss. *Id*.

Here, Plaintiff has not shown that a dispositive ruling is within reasonable contemplation. He states in his Second Amended Complaint that "the Court should compel the defendants to disclose their identities so that they would face both civil and criminal actions for their violations of Nigerian criminal codes as have been stated herein." SAC ¶ 16. Elsewhere in the Second Amended Complaint, he cites the Nigerian Cybercrimes Act of 2015 and Nigerian Criminal Code of 1990. *Id*. ¶ 14. Plaintiff does not provide any information suggesting that private individuals have standing to assert claims under either of these statutes, however. Nor does he allege facts indicating that any criminal prosecution of these individuals by any governmental entity in Nigeria is within reasonable contemplation. Finally, while alluding generally to civil liability, Plaintiff

3

does not cite to any specific law that he contends gives rise to civil liability; nor does he identify any tribunal where he is contemplating asserting any civil claims under such a law. Because it is a basic statutory requirement under Section 1782 that a dispositive ruling must be within reasonable contemplation, Plaintiff's application must be denied.

Further, even if a dispositive ruling were within "reasonable contemplation" as to any civil claims Plaintiff might be able to assert, the Court declines to permit the discovery Plaintiff seeks because he has not demonstrated that there is good cause for allowing it. In particular, because Plaintiff has not provided specific information about the legal basis for any civil liability that might be available under Nigerian law, the Court is unable to determine whether Plaintiff's claims would survive a motion to dismiss. Therefore, the Court declines to exercise its discretion to permit the discovery that Plaintiff seeks.

## III. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court dismisses Plaintiff's claim under 28 U.S.C. § 1782 without prejudice. All other claims are dismissed with prejudice, as stated in the Court's previous Order. The Clerk is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated: January 4, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

4